McCALL v. McCALL

[138 N.C. App. 706 (2000)]

━━━━━━━━━

BARBARA GRIFFETH McCALL, Plaintiff v. MARVIN RANDALL McCALL, Defendant

No. COA99-844

(Filed 5 July 2000)

### 1. Appeal and Error— appealability—motion for jury trial

An appeal from the denial of a motion for a jury trial in an action for equitable distribution and divorce from bed and board was not interlocutory; orders either denying or granting a party's motion for a jury trial affect a substantial right and are appealable.

### 2. Divorce— motion for jury trial—equitable distribution—divorce from bed and board

The trial court did not err by denying a motion for a jury trial on the issue of the date of separation for purposes of equitable distribution in an action for divorce from bed and board. There is no State constitutional right to a jury trial because a constitutional right to jury trial exists only if such a right existed either by statute or in common law at the time the Constitution was

McCALL v. McCALL

[138 N.C. App. 706 (2000)]

adopted in 1868; the legislature did not provide for a right to jury trial in the equitable distribution statutes; and defendant's abstract argument concerning collateral estoppel does not come into play because no finding with respect to the date of separation is required in an action for divorce from bed and board.

Appeal by defendant from order entered 7 May 1999 by Judge Martin J. Gottholm in Iredell County District Court. Heard in the Court of Appeals 8 May 2000.

*Homesley, Jones, Gaines, Homesley & Dudley, by Edmund L. Gaines and J. Franklin Mock, II, for plaintiff-appellee.*

*James, McElroy & Diehl, P.A., by G. Russell Kornegay, III and Jennifer A. Youngs, for defendant-appellant.*

LEWIS, Judge.

Plaintiff and defendant were married 24 July 1989. On 27 February 1997, plaintiff filed a complaint seeking divorce from bed and board and an equitable distribution of the parties' marital property. Defendant counterclaimed for divorce from bed and board and for equitable distribution as well. A dispute thereafter arose as to the date of the parties' separation for purposes of equitable distribution. Plaintiff contends the parties separated 30 December 1997; defendant argues they separated 27 November 1998. Defendant then filed a motion for jury trial as to the date of separation. The trial court denied this motion, and defendant now appeals.

[1] At the outset, we must determine whether this appeal is properly before us. An order denying a motion for jury trial is not a final judgment, but is interlocutory in nature. *In re Ferguson*, 50 N.C. App. 681, 682, 274 S.E.2d 879, 879 (1981). Generally speaking, interlocutory orders are not immediately appealable to this Court unless they affect a substantial right of the appellant. *In re McCarroll*, 313 N.C. 315, 316, 327 S.E.2d 880, 881 (1985). Our courts have long held that orders either denying or granting a party's motion for a jury trial do affect a substantial right and are thus immediately appealable. *See, e.g., Faircloth v. Beard*, 320 N.C. 505, 506-07, 358 S.E.2d 512, 513-14 (1987); *In re McCarroll*, 313 N.C. at 316, 327 S.E.2d at 881; *Dick Parker Ford, Inc. v. Bradshaw*, 102 N.C. App. 529, 531, 402 S.E.2d 878, 880 (1991); *In re Ferguson*, 50 N.C. App. at 682, 274 S.E.2d at 879. Defendant's appeal is properly before us. Plaintiff's motion to dismiss this appeal is therefore denied.

McCALL v. McCALL

[138 N.C. App. 706 (2000)]

**[2]** We now consider the merits of defendant's appeal. Specifically, we consider whether, in the context of equitable distribution, defendant has a right to jury trial on the issue of the date of separation. We hold that he does not.

The sole substantive *constitutional* guarantee of the right to trial by jury is found in article I, section 25 of our State Constitution: "In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable." This provision has been interpreted to mean that a *constitutional* right to jury trial only exists if such a right existed either by statute or in common law at the time our Constitution was adopted in 1868. *Kiser v. Kiser*, 325 N.C. 502, 507, 385 S.E.2d 487, 490 (1989). Because the right to equitable distribution was not statutorily created until 1981, "there is no constitutional right to trial by jury on questions of fact arising in a proceeding for equitable distribution of marital assets." *Id.* at 508, 385 S.E.2d at 490.

Because no constitutional right exists, we must next look to whether our legislature *statutorily* provided for such a right when it drafted the equitable distribution statutes. Our Supreme Court has previously answered this question in the negative; our legislature did not provide for a right to jury trial in the equitable distribution statutes. *Id.* at 509, 385 S.E.2d at 490. We acknowledge that the date of separation was not specifically at issue in *Kiser*. Rather, the only factual issues before the court were the value of certain property, the acquisition of certain property, the intent to make certain property a gift, and the dissipation of certain marital assets. *Id.* at 504, 385 S.E.2d at 487. But the holding in *Kiser* is clear: no right to a jury trial exists on *any* issue of fact in equitable distribution proceedings. *Id.* at 509, 385 S.E.2d at 490. Accordingly, the trial court correctly denied defendant's motion for a jury trial.

In essence, defendant's argument is premised upon concerns of collateral estoppel. He correctly points out that our statutes do allow for trial by jury on issues of fact within the divorce context. N.C. Gen. Stat. § 50-10(a), (c) (1999). The date of separation is one of those triable issues. *See, e.g., Lockhart v. Lockhart*, 223 N.C. 123, 124, 25 S.E.2d 465, 465 (1943); *Reynolds v. Reynolds*, 210 N.C. 554, 556, 187 S.E. 768, 769 (1936). Furthermore, any jury determination as to the date of separation in the divorce context would arguably then collaterally estop a party from relitigating it in the equitable distribution context. *Stafford v. Stafford*, 133 N.C. App. 163, 167, 515 S.E.2d 43, 46

**McCALL v. McCALL**

[138 N.C. App. 706 (2000)]

(Greene, J., dissenting), *aff'd per curiam*, 351 N.C. 94, 520 S.E.2d 785 (1999). Because a determination in one setting would have preclusive effect in the other, defendant contends that the same body, namely a jury, should determine the issue in each setting.

Defendant's argument, however, is largely in the abstract. The divorce action here is one for divorce from bed and board, not absolute divorce. As such, no finding with respect to the date of separation is even required, and his collateral estoppel concerns would not even come into play. Furthermore, just because a determination in one setting is preclusive in another does not mean that the body who makes that determination must be the same in each setting. At best, collateral estoppel concerns will only affect the *order* in which the proceedings are tried (i.e. the jury trial should precede the bench trial); they in no way affect *who* must make that determination.

Affirmed.

Chief Judge EAGLES and Judge EDMUNDS concur.