EVELYN POWELL, MAMIE WHITEHEAD, McARTHUR KING, MOTHER'S CARE AND INFANTS CENTER AND MORNINGSTAR BAPTIST CHURCH, INC., PLAINTIFFS v. WALTER PHILLIP BULLUCK, VICKY LYNN BULLUCK, AND HANOR COMPANY, INC., DEFENDANTS

No. COA02-29

(Filed 31 December 2002)

**1. Nuisance— farm—pleadings—mediation**

The trial court erred by dismissing on the pleadings some of the parties in a hog farm nuisance action for not submitting to pre-trial mediation where the pre-litigation mediation request did not list all of the plaintiffs, but their pleadings alleged that they participated in the mediation and the mediator's report does not list any party as absent. Taking the pleadings with attachments in the light most favorable to plaintiffs, plaintiffs satisfied the requirements for requesting and participating in pre-litigation mediation. N.C.G.S. § 7A-38.3(c).

**2. Appeal and Error— appealability—denial of motion to dismiss counterclaim—costs—refusal of sanctions**

An appeal was dismissed in part as interlocutory because the denial of plaintiffs' motion to dismiss defendant's counterclaim did not affect a substantial right; no substantial right is involved that would allow an immediate appeal where, under uncomplicated circumstances, a court directs a party to pay fees or costs; and an order refusing to impose sanctions is not immediately appealable absent a showing that a substantial right is involved.

Appeal by plaintiffs from judgment entered 12 October 2001 by Judge Frank R. Brown in Edgecombe County Superior Court. Heard in the Court of Appeals 9 October 2002.

*Land Loss Prevention Project, by Marcus Jimison and Pamela Thombs, for plaintiffs-appellants.*

*Poyner & Spruill, LLP, by J. Nicholas Ellis; and Etheridge, Sykes, Britt & Hamlett, LLP, by Raymond M. Sykes, Jr., for defendants-appellees Walter Phillip Bulluck and Vicky Lynn Bulluck.*

*Hunton & Williams, by Jason S. Thomas, for defendant-appellee Hanor Company, Inc.*

WALKER, Judge.

Prior to filing their original complaint, plaintiffs Evelyn Powell and Morningstar Baptist Church, Inc. (Morningstar) and Concerned Citizens of Edgecombe II (CCE II), a group of Morningstar residents joined to oppose the operation of industrial-sized hog farms in the Morningstar community, requested and participated in pre-litigation mediation concerning a hog farm nuisance dispute against defendants. The mediation did not resolve the dispute, and on 11 February 1999, the mediator certified an impasse. On 15 June 1999, plaintiffs Evelyn Powell, Morningstar and others, including CCE II, initiated a hog farm nuisance action against defendants.

On 14 June 2000, Superior Court Judge Russell Duke dismissed plaintiffs Powell and Morningstar without prejudice and dismissed CCE II with prejudice for failing to allege in its complaint that it had complied with pre-litigation mediation requirements. On 4 June 2001, plaintiffs including Powell and Morningstar filed the present farm nuisance action against defendants, who counterclaimed alleging mali-

cious and false statements and intentional interference with contractual relations. Subsequently, defendants moved for costs and to dismiss plaintiffs pursuant to N.C.R. Civ. P. 12(c) for failing to initiate pre-litigation mediation. Plaintiffs then filed a motion to dismiss defendants' counterclaim and sought N.C.R. Civ. P. 11 sanctions against defendants for filing their counterclaim.

All motions were heard, and on 10 October 2001, the trial court entered an order allowing defendants' motion to dismiss plaintiffs Whitehead, King and Mother's Care and Infants Center (Mother's Care) and defendants' motion for costs. The trial court denied plaintiffs' motions for sanctions and to dismiss defendants' counterclaim. Plaintiffs appealed, alleging the trial court erred in dismissing plaintiffs Whitehead, King and Mother's Care, awarding costs to defendants and in denying their motions for sanctions and to dismiss defendants' counterclaim.

**[1]** First, we consider the trial court's dismissal of plaintiffs Whitehead, King and Mother's Care. We note that this issue is interlocutory, but in our discretion, we elect to treat plaintiffs' appeal on this issue as a petition for *writ of certiorari* as it affects the proper parties to the lawsuit. *See* N.C. Gen. Stat. § 7A-32(c) (2001); N.C.R. App. P. 21(a)(1); *Coca-Cola Bottling Co. Consol. v. Durham Coca-Cola Bottling Co.*, 141 N.C. App. 569, 574, 541 S.E.2d 157, 161 (2000).

In ruling on a motion for judgment on the pleadings, the trial court "is to consider only the pleadings and any attached exhibits, which become part of the pleadings." *Minor v. Minor*, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867 (1984); see N.C. Gen. Stat. § 1A-1, Rule 12(c) (2001). In a Rule 12(c) motion, "[n]o evidence is to be heard, and the trial judge is not to consider statements of fact in the briefs of the parties or the testimony of allegations by the parties in different proceedings." Minor, 70 N.C. App. at 78, 318 S.E.2d at 867; *see Cash v. State Farm Mut. Auto. Ins. Co.*, 137 N.C. App. 192, 202, 528 S.E.2d 372, 378 (2000). In reviewing a Rule 12(c) motion, the trial court must accept all material allegations in the complaint as true and accurate and consider them in the light most favorable to the nonmoving party. *Affordable Care, Inc. v. N.C. State Bd. of Dental Exam'rs*, 153 N.C. App. 527, 532, 571 S.E.2d 52, 57 (2002); *Garrett v. Winfree*, 120 N.C. App. 689, 691, 463 S.E.2d 411, 413 (1995).

Prior to initiating a farm nuisance action, a party is required to submit to pre-litigation mediation. N.C. Gen. Stat. § 7A-38.3(c) (2001). The purpose of this mandatory mediation is "to facilitate . . . settle-

ment . . . and to make civil litigation more economical, efficient, and satisfactory to litigants and the State." N.C. Gen. Stat. § 7A-38.1(a) (2001). If a party brings a farm nuisance action before "a farm resident or any other party" has initiated pre-litigation mediation, then that action "shall, upon the motion of any party prior to trial, be dismissed without prejudice by the court." N.C. Gen. Stat. § 7A-38.3(c). Farm nuisance pre-litigation mediation is conducted pursuant to N.C. Gen. Stat. § 7A-38.1 which provides that parties "shall attend the mediated settlement conference unless excused by rules of the Supreme Court or by order of the senior resident superior court judge." N.C. Gen. Stat. § 7A-38.1(f) (2001).

Specifically, all individual parties and counsel for each party must "physically attend until an agreement is reduced to writing and signed . . . or an impasse has been declared." N.C.R. Super. Ct. Mediated Settlement Conf. Rule 4 (2002). However, the attendance requirement will be "excused or modified, including the allowance of that party's or person's participation without physical attendance . . . [b]y agreement of all parties and persons required to attend and the mediator. . . ." *Id.*

Here, plaintiffs alleged in their complaint:

On April 29, 1997, Plaintiffs initiated pre-litigation mediation of a farm nuisance dispute. Plaintiffs have completed pre-litigation mediation as required by N.C. Gen. Stat. § 7A-38.3. See Attachment A to Complaint, Report of Mediator. Attorney Henry Gorham served as mediator for this farm nuisance pre-litigation mediation. The mediation impassed and Plaintiffs filed suit on August 27, 1999. The original complaint was dismissed without prejudice on June 14, 2000. By order of the Court, Plaintiffs were given one year from June 14, 2000 to re-file suit. Plaintiffs now re-file.

The pre-litigation mediation request was submitted by Powell, CCE II and Morningstar. The report of the mediator attached to plaintiffs' complaint indicated that pre-litigation mediation was conducted, and the report did not list any party as being absent.

Defendants moved for judgment on the pleadings and for costs asserting plaintiffs Whitehead, King and Mother's Care should have been dismissed because the pleadings with attachments showed that they did not request pre-litigation mediation. After a hearing, the trial court dismissed the complaints of Whitehead, King and Mother's Care

**POWELL v. BULLUCK**

[155 N.C. App. 613 (2002)]

without prejudice and allowed defendants' motion for costs. Plaintiffs' motions to dismiss and for sanctions were denied.

Even though the pre-litigation mediation request does not list the names of all of the plaintiffs, the action is not subject to dismissal as to those plaintiffs. The statute does not require that all interested parties, who may later become plaintiffs, join in the request for mediation. The statute providing for pre-litigation mediation specifically states that "a farm resident or any other party" may initiate mediation. N.C. Gen. Stat. § 7A-38.3.

Here, the pleadings allege that plaintiffs participated in pre-litigation mediation, and the mediator's report does not list any party as being absent. Taking the pleadings with attachments in the light most favorable to the plaintiffs, we find that plaintiffs have satisfied the requirements for requesting and participating in pre-litigation mediation as required by our rules and statutes.

[2] Next, we consider defendants' argument to dismiss the appeal as interlocutory. Although the trial court allowed defendants' motion for costs and denied plaintiffs' motions for sanctions and to dismiss defendants' counterclaim, significant issues remain in this case. Also, the trial court did not certify this case as immediately appealable pursuant to N.C.R. Civ. P. 54(b). Judgments and orders that are not a final determination of the entire controversy as to all parties are interlocutory. *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999). As a general rule, there is no right of immediate appeal from interlocutory orders. *McCall v. McCall*, 138 N.C. App. 706, 707, 531 S.E.2d 894, 895 (2000); *See Veazy v. City of Durham*, 231 N.C. 357, 57 S.E.2d 377 (1950). However, plaintiffs claim the trial court's orders are appealable because they affect a substantial right.

An order, though interlocutory, is immediately appealable if it affects a substantial right that would be lost, prejudiced or less than adequately protected if an immediate appeal were not allowed. N.C. Gen. Stat. § 1-277(a) (2001). The burden is on the appellant to show "(1) the judgment affects a right that is substantial; and (2) the deprivation of that substantial right will potentially work injury to him if not corrected before appeal from final judgment." *Collins v. Talley*, 135 N.C. App. 758, 760, 522 S.E.2d 794, 796 (1999).

The denial of a motion to dismiss is not immediately appealable, without showing a substantial right is affected. *Thompson v. Norfolk S. Ry. Co.*, 140 N.C. App. 115, 120-21, 535 S.E.2d 397, 401, (2000).

Contrary to plaintiffs' contentions, a denial of their motion to dismiss defendants' counterclaim does not affect a substantial right entitling them to an immediate appeal. *Id.*

Finally, "under uncomplicated circumstances," where a court directs a party to pay fees or costs, no substantial right is involved that would allow an immediate appeal, *Frost v. Mazda Motor of America, Inc.*, 353 N.C. 188, 194, 540 S.E.2d 324, 328 (2000); *see Cochran v. Cochran*, 93 N.C. App. 574, 577, 378 S.E.2d 580, 582 (1989), and absent a showing that a substantial right is involved, an order refusing to impose sanctions is not immediately appealable, *Ford Motor Credit Co. v. Dean*, 148 N.C. App. 405, 560 S.E.2d 886 (2002); *Routh v. Weaver*, 67 N.C. App. 426, 428, 313 S.E.2d 793, 795 (1984).

Reversed in part and dismissed in part.

Judges TIMMONS-GOODSON and THOMAS concur.