ANTHONY C. LAMBERT, PLAINTIFF v. KATHERINE C. CARTWRIGHT, INDIVIDUALLY, DEFENDANT

No. COA02-961

(Filed 19 August 2003)

**1. Pleadings— motion for judgment on—motion not converted into summary judgment**

The trial court considered only the pleadings and attached exhibits in ruling on a motion for judgment on the pleadings. The court did not convert the motion into one for summary judgment without giving plaintiff an opportunity to present materials.

**2. Public Officers and Employees— probation officer—public official**

Defendant's motion for a judgment on the pleadings was correctly granted in a tort action against a probation officer arising from her report of a probation violation. A probation officer is a

LAMBERT v. CARTWRIGHT

[160 N.C. App. 73 (2003)]

public official who cannot be held liable for negligence in her individual capacity.

Appeal by plaintiff from judgment entered 4 March 2002 by Judge Quentin T. Sumner in Pasquotank County Superior Court. Heard in the Court of Appeals 16 April 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Mary S. Mercer, for defendant-appellee.*

*Anthony Lambert, plaintiff-appellant, pro se.*

HUDSON, Judge.

Plaintiff Anthony C. Lambert sued defendant Katherine S. Cartwright, his probation officer, in her individual capacity after she filed what he contends to be an untrue probation violation report. He brought claims of civil conspiracy, intentional infliction of emotional distress, abuse of process, and malicious prosecution, all premised on his beliefs that defendant acted outside the scope of her authority when she reported him for violating probation, that the violations set forth in the probation violation report were not true, and that the purpose of filing the report was to injure, oppress, and intimidate him. Defendant filed a motion for judgment on the pleadings, claiming that as a public official she was immune from suit. The trial court granted defendant's motion, and plaintiff appealed. For the reasons set forth below, we affirm.

## BACKGROUND

In March 1998, a jury convicted plaintiff of the unauthorized practice of law. He received a sentence of 45 days in jail, suspended for 36 months, with regular and special conditions of probation. Plaintiff appealed. The Court of Appeals found no error in plaintiff's trial but remanded for resentencing. At the resentencing hearing on 22 May 2000, plaintiff received an intermediate punishment consisting of 45 days in jail, suspended for 36 months, with regular and special conditions of probation. Plaintiff appealed the resentencing judgment.

The trial court dismissed plaintiff's appeal on 4 February 2001. On 28 February 2001, while supervising plaintiff's probation, defendant determined that plaintiff had violated the terms and conditions of his probation and completed a probation violation report to this effect. The trial court signed an order for plaintiff's arrest.

By order entered 14 May 2001, this Court determined that the trial court had erred by dismissing plaintiff's appeal of his criminal action and that the appeal had been docketed and was still pending for decision. Shortly thereafter, plaintiff filed a civil complaint against defendant, alleging that she had violated North Carolina law and his rights under the North Carolina Constitution by virtue of filing the probation violation report. Specifically, he brought claims of civil conspiracy, intentional infliction of emotional distress, abuse of process, and malicious prosecution, all based on his contentions that defendant acted outside the scope of her authority when she reported him for violating probation, that the violations set forth in the probation violation report were not true, and that the purpose of filing the report was to injure, oppress, and intimidate him. Plaintiff sought compensatory damages in the amount of $100,000 and punitive damages in the amount of $200,000.

In February 2002, defendant moved for judgment on the pleadings. The trial court granted the motion on 4 March 2002. Plaintiff appeals.

## ANALYSIS

[1] Plaintiff first argues that the trial court erred by converting a motion for judgment on the pleadings into a summary judgment motion without giving him reasonable opportunity to present relevant materials. We disagree.

In ruling on a motion for judgment on the pleadings, the trial court is to consider only the pleadings and any attached exhibits, which become part of the pleadings. *Powell v. Bulluck*, 155 N.C. App. 613, 573 S.E.2d 699, 701 (2002) (citation and quotation marks omitted); N.C. Gen. Stat. § 1A-1, Rule 12(c) (2001). "No evidence is to be heard, and the trial judge is not to consider statements of fact in the briefs of the parties or the testimony of allegations by the parties in different proceedings." *Id.* (citation omitted). The trial court must accept all material allegations in the complaint as true and accurate and consider them in the light most favorable to the non-moving party. *Affordable Care, Inc. v. North Carolina State Bd. of Dental Examiners*, 153 N.C. App. 527, 532, 571 S.E.2d 52, 57 (2002).

Here, contrary to plaintiff's contentions, defendant's memorandum filed in support of her motion for judgment on the pleadings contained no factual matters outside the pleadings. Rather, the factual allegations in the memorandum are taken from the pleadings. No affi-

LAMBERT v. CARTWRIGHT

[160 N.C. App. 73 (2003)]

davits were submitted to the trial court, and no evidence was taken. We conclude that the trial court considered only the pleadings and the attached exhibits in ruling on defendant's motion.

[2] Plaintiff next contends that the trial court erred by granting defendant's motion for judgment on the pleadings. Again we disagree.

A motion for judgment on the pleadings should be granted when all material questions of fact are resolved in the pleadings and only issues of law remain. *Mabrey v. Smith*, 144 N.C. App. 119, 124, 548 S.E.2d 183, 187, *disc. review denied*, 354 N.C. 219, 554 S.E.2d 340 (2001). A motion for judgment on the pleadings is not favored by the law and requires the trial court to view all facts and permissible inferences in the light most favorable to the nonmoving party. *Governors Club, Inc. v. Governors Club Ltd. Partnership*, 152 N.C. App. 240, 247, 567 S.E.2d 781, 786 (2002), *affirmed*, 357 N.C. 46, 577 S.E.2d 620 (2003). All factual allegations in the nonmovant's pleadings are deemed admitted except those that are legally impossible or not admissible in evidence. *Id.*

Here, plaintiff has sued defendant, a state probation officer, in her individual capacity. We must determine whether defendant is a public employee or a public official. It is "settled law in this jurisdiction that a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto." *Meyer v. Walls*, 347 N.C. 97, 112, 489 S.E.2d 880, 888 (1997) (quoting *Smith v. Hefner*, 235 N.C. 1, 7, 68 S.E.2d 783, 787 (1952)). In such a case, an "official may not be held liable unless it be alleged and proved that his act, or failure to act, was corrupt or malicious, or that he acted outside of and beyond the scope of his duties." *Id.* "Public employees, as opposed to public officials, do not enjoy the same protection, and may be held liable for mere negligence in the performance of their duties." *Andrews v. Crump*, 144 N.C. App. 68, 76, 547 S.E.2d 117, 123, *disc. review denied*, 354 N.C. 215, 553 S.E.2d 907 (2001).

A public official is someone whose position is created by the constitution or statutes of the sovereign. *Meyer*, 347 N.C. at 113, 489 S.E.2d at 889 (citation omitted). Public officials are usually required to take an oath of office. *Messick v. Catawba County, N.C.*, 110 N.C. App. 707, 717, 431 S.E.2d 489, 496, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993). An "essential difference between a public office and mere employment is the fact that the duties of the incum-

bent of an office shall involve the exercise of some portion of sovereign power." *Meyer*, 347 N.C. at 113, 489 S.E.2d at 889 (citation omitted). Officials exercise a certain amount of discretion, while employees perform ministerial duties. *Id.* (citation omitted). Discretionary acts are those requiring "personal deliberation, decision and judgment; duties are ministerial when they are absolute, certain, and imperative, involving merely the execution of a specific duty arising from fixed and designated facts." *Id.* (citation omitted).

Here, we conclude that, as a probation officer, defendant is a public official who cannot be held liable for negligence in her individual capacity. Probation officers are appointed pursuant to Chapter 15 of the General Statutes and are required to take an oath of office. N.C. Gen. Stat. § 15-204 ("Each person appointed as a probation officer shall take an oath of office before the judge of the court or courts in which he is to serve . . . "). Probation officers, moreover, are accorded by statute the same rights to "execute process as is now given, or that may hereafter be given by law, to the sheriffs of this State." N.C. Gen. Stat. § 15-205. Our courts have recognized that sheriffs are public officials. *Summey v. Barker*, 142 N.C. App. 688, 691, 544 S.E.2d 262, 265 (2001). Since North Carolina law permits probation officers and sheriffs to provide some of the same services, we see no reason to classify them differently for purposes of immunity. Finally, we do not think that probation officers perform merely ministerial duties but instead they must bring "personal deliberation, decision and judgment" to each situation. *Meyer*, 347 N.C. at 113, 489 S.E.2d at 889. Accordingly, defendant, as a public official, cannot be held liable for negligence, and the trial court properly granted defendant's motion for judgment on the pleadings.

CONCLUSION

Affirmed.

Judges MARTIN and ELMORE concur.