BOYCE & ISLEY, PLLC, EUGENE BOYCE, R. DANIEL BOYCE, PHILIP R. ISLEY, AND LAURA B. ISLEY, PLAINTIFFS v. ROY A. COOPER, III, THE COOPER COMMITTEE, JULIA WHITE, STEPHEN BRYANT, AND KRISTI HYMAN, DEFENDANTS

No. COA03-1542

(Filed 5 April 2005)

**Appeal and Error— appealability—political advertisement— defamation and unfair trade practices—denial of motion for judgment on the pleadings**

An appeal was dismissed as interlocutory where the trial court had denied a motion for judgment on the pleadings under N.C.G.S. § 1A-1, Rule 12(c). The complaint arose from a television advertisement broadcast during a political campaign and alleged defamation and unfair trade practices, while the answer raised constitutional defenses. Although the Court of Appeals dissent adopted per curiam in *Priest v. Sobeck*, 357 N.C. 159, was relied upon for the contention that constitutional defenses in a defamation case affect a substantial right and are immediately appealable, that case involved a different motion (summary judgment) and different facts which make it distinguishable. There is nothing here to suggest an immediate loss of First Amendment rights.

**BOYCE & ISLEY, PLLC v. COOPER**

[169 N.C. App. 572 (2005)]

Appeal by defendants from judgment entered 22 September 2003 by Judge John B. Lewis, Jr., in Wake County Superior Court. Heard in the Court of Appeals 25 August 2004.

*Boyce & Isley, P.L.L.C., G. Eugene Boyce, R. Daniel Boyce, Philip R. Isley and Laura B. Isley, pro se plaintiff-appellees.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Jim W. Phillips, Jr. and David Kushner, and Smith Moore L.L.P., by Alan W. Duncan and Allison Overbay Van Laningham, for defendant-appellants.*

*The Bussian Law Firm, P.L.L.C., by John A. Bussian, for the North Carolina Press Association and the North Carolina Association of Broadcasters, amicus curiae.*

*Everett, Gaskins, Hancock & Stevens, by Hugh Stevens and Michael J. Tadych for the North Carolina Press Foundation, Inc., amicus curiae.*

HUDSON, Judge.

R. Daniel Boyce, his law firm, father, sister, and brother-in-law ("plaintiffs") brought this action against Roy A. Cooper, III, his campaign committee, and members of his campaign staff ("defendants") alleging defamation and unfair trade practices related to a political television advertisement broadcast during the 2000 election for North Carolina Attorney General. The trial court dismissed the complaint pursuant to N.C. R. Civ. P. 12(b)(6), but on appeal, this Court held that the complaint stated a cause of action for defamation under the common law. *Boyce & Isley v. Cooper*, 153 N.C. App. 25, 568 S.E.2d 893 (2002) (hereinafter *"Boyce I"*), *appeal dismissed and rev. denied*, 357 N.C. 163, 580 S.E.2d 361 (2003). On remand, defendants answered, raising various constitutional defenses, and moved for judgment on the pleadings pursuant to N.C. R. Civ. P. 12(c). Thereafter, the Chief Justice of the Supreme Court of North Carolina designated the case as exceptional, pursuant to Rule 2.1 of the General Rules of Practice, and assigned Judge John B. Lewis, Jr., to the case. On 22 September 2003, the trial court denied the motion for judgment on the pleadings. Defendants appeal.

An unusual array of additional motions also have been filed, which are pending for ruling by this Court, including the following: 1) Motion to Dismiss Appeal as Interlocutory; 2) Motion by one of Amicus Curiae for leave to respond to Motion to Dismiss; 3) Untitled

Motion [for sanctions] pursuant to Rule 34; 4) Motion to Strike Amicus Motion for leave to respond; 5) Motion to Strike plaintiffs' Memorandum of Additional Authority; and 6) Motion to Amend September 2003 Writ of Supersedeas. We will address all of these motions in this opinion.

This dispute began during the 2000 election, when plaintiff R. Daniel Boyce and defendant Roy Cooper, III, were candidates for the office of North Carolina Attorney General. During the campaign, defendants ran a television advertisement in which the audio portion stated:

> I'm Roy Cooper, candidate for Attorney general, and I sponsored this ad. Roy Cooper, endorsed by every major police organization for his record of tougher crime laws. Dan Boyce—his law firm sued the State, charging $28,000 an hour in lawyer fees to the taxpayers. The judge said it shocks the conscience. Dan Boyce's law firm wanted more than a police officer's salary for each hour's work. Dan Boyce, wrong for Attorney General.

The lawsuits to which the ad apparently referred were a group of class action lawsuits brought on behalf of thousands of plaintiffs alleging that taxes levied by the State were unconstitutional. Dan Boyce or members of the plaintiff law firm allegedly served as counsel to the plaintiffs in each of those cases, and plaintiffs referred to the cases in various campaign materials and on their law firm's website. In response to the ad, plaintiffs sued, alleging defamation and unfair trade practices.

Here, we review the trial court's denial of defendants' Rule 12(c) motion to dismiss the case on the pleadings. Because the court's denial of defendant's motion does not finally determine the rights of the parties, this appeal is interlocutory. "[N]ormally an appeal does not lie from the denial of a motion for judgment on the pleadings." *Whitaker v. Clark*, 109 N.C. App. 379, 381, 427 S.E.2d 142, 143, *cert. denied*, 333 N.C. 795, 431 S.E.2d 31 (1993) (citing *Barrier v. Randolph*, 260 N.C. 741, 743, 133 S.E.2d 655, 657 (1963)). "An appeal from an interlocutory order is permitted, however, if such order affects a substantial right." *Sherrill v. Amerada Hess Corp.*, 130 N.C. App. 711, 719, 504 S.E.2d 802, 807 (1998).

Our jurisprudence regarding the substantial right analysis is not defined by fixed rules applicable to all cases of a certain type, but rather is based on an individual determination of the facts and proce-

dural context presented by each case. *See Blackwelder v. State Dept. of Human Resources*, 60 N.C. App. 331, 334-35, 299 S.E.2d 777, 780-81 (1983) (quoting *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978) ("It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered.")).

> Whether a party may appeal an interlocutory order pursuant to the substantial right exception is determined by a two-step test. *Miller v. Swann Plantation Development Co.*, 101 N.C. App. 394, 395, 399 S.E.2d 137, 138 (1991). "[T]he right itself must be substantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990). The substantial right test is "more easily stated than applied." *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). And such a determination "usually depends on the facts and circumstances of each case and the procedural context of the orders appealed from." *Estrada v. Jaques*, 70 N.C. App. 627, 642, 321 S.E.2d 240, 250 (1984).

*Wood v. McDonald's Corp.*, 166 N.C. App. 48, 55, 603 S.E.2d 539, 544 (2004); *see also Church v. Allstate Ins. Co.*, 143 N.C. App. 527, 531-32, 547 S.E.2d 458, 461 (2001).

Defendants rely upon *Priest v. Sobeck*, 357 N.C. 159, 579 S.E.2d 250 (2003) (*per curiam* adoption of dissent at 153 N.C. App. 662, 670-71, 571 S.E.2d 75, 80-81 (2002) (Greene, J., dissenting)), for the proposition that our Supreme Court "has recently recognized that the constitutional defenses available to a defendant in a defamation case affect a substantial right and are immediately appealable on the merits." Judge Greene's dissent, adopted *per curiam* by our Supreme Court, states in relevant part:

> I also disagree with the majority's conclusion that partial denial of defendants' summary judgment motion did not affect a substantial right. Defendants contend the trial court misapplied the *New York Times v. Sullivan* "actual malice" standard, infringing on their First Amendment right to free speech. Because misapplication of the actual malice standard, detrimental to defendants, would have a chilling effect on their rights of free speech, the trial court's order does affect a substantial right. *See Sherrill v.*

*Amerada Hess Corp.*, 130 N.C. App. 711, 719, 504 S.E.2d 802, 807 (1998) (order implicating First Amendment rights affects a substantial right). Accordingly, this Court should also address the merits of defendants' appeal.

*Priest*, 153 N.C. App. at 670-71, 571 S.E.2d at 81. Since defendants' pleadings included constitutional defenses to plaintiffs' claims, they contend that the denial of the Rule 12(c) motion affects a substantial right. However, the facts and procedural context of *Priest* make it distinguishable from this case.

In *Priest*, the Court was determining whether to hear cross appeals from a partial grant and partial denial of summary judgment, which orders were interlocutory. Plaintiffs, members of a union, had brought defamation claims against the author of a union newsletter, a publication that alleged plaintiffs supported the hiring of non-union workers. The trial court, on a motion for summary judgment, determined that a genuine issue of material fact existed only as to plaintiffs' argument that the author's comments were printed with actual malice. Plaintiffs appealed the grant of summary judgment as to their other claims, while defendants argued there was no forecast of actual malice and that the trial court erred in not also granting summary judgment to the remaining claim. The majority found that under the facts presented, the appeal was indeed interlocutory and did not agree with defendants that a substantial right was affected. *Id.*, 153 N.C. App. at 669, 571 S.E.2d at 80. As noted above, the dissent opined otherwise, stating that the partial denial of summary judgment did affect a substantial right. *Id.*, 153 N.C. App. at 670, 571 S.E.2d at 81. The North Carolina Supreme Court agreed with the dissent, and reversed. *Priest v. Sobeck*, 357 N.C. 159, 579 S.E.2d 250 (2003).

However, defendants here appealed from the denial of a 12(c) motion for judgment on the pleadings, not a denial of a motion for summary judgment. The 12(c) motion is more like a 12(b)(6) motion than one for summary judgment, because at the time of filing typically no discovery has occurred, no evidence or affidavits are submitted, and a ruling is based on the pleadings themselves—along with any properly submitted exhibits. *See, e.g., Lambert v. Cartwright*, 160 N.C. App. 73, 584 S.E.2d 341, *disc. review denied*, 357 N.C. 658, 590 S.E.2d 268 (2003) (highlighting the differences between the two). Granting the motion has generally, but not exclusively, occurred when defendants raise an issue, such as immunity, in their answer which would necessarily defeat the claims alleged in the complaint, which must be taken as true. *See, e.g., id.; Houpe v. City of*

*Statesville,* 128 N.C. App. 334, 340, 497 S.E.2d 82, 87, *disc. review denied,* 348 N.C. 72, 505 S.E.2d 871 (1998).

Further, substantial right analysis includes determining whether injury will occur, or the right will be lost, if not immediately appealed. *Goldston v. American Motors Corp.,* 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990). The dissent in *Priest* did not discuss this analysis, which was therefore not considered by the Supreme Court. Further, the panel of this Court which decided *Priest* on remand did not determine whether a misapplication of the actual malice standard had occurred, but instead determined that plaintiffs failed to adequately forecast any evidence of damages, thus entitling defendants to summary judgment on all claims. *Priest v. Sobeck,* 160 N.C. App. 230, 584 S.E.2d 867 (2003), *cert. denied,* 358 N.C. 155, 592 S.E.2d 694 (2004). Thus, neither in *Priest* nor here has the Court applied the actual malice standard as a basis for the ruling.

The only case cited in the *Priest* dissent relevant to the inquiry of whether a right would be lost was *Sherrill,* 130 N.C. App. at 719, 504 S.E.2d at 807. In *Sherrill,* we reviewed a preliminary gag order restricting participants from talking about their case *during trial,* stating that it was a form of "prior restraint" in violation of the First Amendment *prejudicing* a substantial right. There it appeared that a substantial right was being infringed, and more importantly would be lost if not reviewed until after a final judgment. *Id.*

Despite the lack of analysis on this point in the *Priest* dissent, we conclude that misapplication of the actual malice standard on summary judgment could lead to some loss or infringement on a substantial right, whereas denial of the 12(c) motion here will not. On a motion for summary judgment the forecast of evidence is set. A court can more adequately determine whether the forecast evidence (affidavits, depositions, exhibits, and the like) presents a factual issue under the correctly applied legal standard for actual malice. In reviewing the allegations of the pleadings as in ruling on a 12(c) motion, the court need only decide if the elements of the claim, perhaps including actual malice, have been alleged, not how to apply that standard. An incorrect application of the actual malice standard to deny summary judgment results in trial, whereas denial of a 12(c) motion results in further discovery and possibly summary judgment or other proceedings. Although we recognize that the First Amendment protects substantial rights, there is nothing here to suggest an immediate loss of these rights. This case involves litigation over a political ad that had already been run in an election; it does not

involve an injunction preventing defendants from running the ad in an upcoming election. We have previously held that plaintiffs' complaint does state a cause of action. *See Boyce I.* Any defenses or arguments that plaintiffs cannot actually prove their allegations in the complaint due to lack of evidence regarding malice will not be immediately lost if this case proceeds.

Accordingly, without the trial court having applied the actual malice standard, and without a full analysis in the *Priest* dissent or from our Supreme Court providing guidance on how "misapplication of the actual malice standard, detrimental to defendants, would have a chilling effect on their rights of free speech" and therefore *affect* a substantial right, we decline to apply the adopted dissent in *Priest* here.

Nothing in *Priest* suggests that the Court abolished the second prong of substantial right analysis when a case involves issues surrounding the First Amendment. Other than *Priest*, defendants cite no authority that would support a conclusion that their asserted constitutional defenses will be lost due to the trial court's denial of their 12(c) motion, thus requiring an immediate appeal. Therefore, we follow our general rule that an appeal from a 12(c) motion is interlocutory, and hold that defendants have failed to carry their burden of showing that this case affects a substantial right which will be lost if the substance of this appeal is not heard now.

Thus we conclude that this appeal should be dismissed.

Motion to Dismiss Appeal as Interlocutory allowed per this opinion.

Motion for Leave to File Amicus Curiae Response of the North Carolina Press Association and the North Carolina Association of Broadcasters dismissed as moot.

Untitled Motion [for Sanctions] denied.

Motion (Rule 37(a)) dismissed as moot.

Motion to Strike Plaintiff-Appellees' Memorandum of Additional Authorities denied.

Motion to Amend September 2003 Writ of Supersedeas and Lift (or Partially Lift) Stay as to Discovery dismissed as moot.

Dismissed.

Chief Judge MARTIN and Judge ELMORE concur.