CAROLYN GRANT, Plaintiff v. R. BRADLEY MILLER; THE BRADLEY MILLER CONGRESSIONAL CAMPAIGN, et al., Defendants

No. COA04-979

(Filed 3 May 2005)

**Appeal and Error— appealability—denial of motion to dismiss—defamation action—concluded political campaign**

An appeal from the denial of a motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) was itself dismissed as interlocutory where the action arose from a television advertisement during a political campaign. This case is governed by

*Boyce v. Cooper*, 169 N.C. App. 572 (2005), from which it is indistinguishable.

Appeal by defendant from judgment entered 20 April 2004 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 9 March 2005.

*Marshall Hurley for plaintiff-appellee.*

*Parker, Poe, Adams & Bernstein, L.L.P. by Robert W. Spearman and Aretha V. Blake, and Everett, Gaskins, Hancock & Stevens, by Hugh Stevens, for defendants-appellants.*

STEELMAN, Judge.

Defendants appeal the trial court's denial of their motion to dismiss plaintiff's defamation claim. For the reasons discussed herein, we dismiss the appeal as interlocutory.

In the fall of 2002, plaintiff Carolyn Grant (Grant) and defendant Bradley Miller (Miller) were opponents in an election for a new seat in the United States House of Representatives. During the campaign, defendants ran a political campaign advertisement containing certain statements and opinions with regard to Grant's fitness as a candidate for that office.

Grant instituted this action against defendants, asserting claims for declaratory judgment, conspiracy to violate her rights under N.C. Gen. Stat. § 163-274 *et seq*, libel *per se*, slander *per se*, and unfair and deceptive trade practices. Defendants moved for dismissal pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. The trial court expressly refused to consider Grant's affidavit, and elected in its discretion not to convert defendants' motion into a motion for summary judgment as allowed under Rule 12(b). Defendants' motion to dismiss was granted, with the exception of plaintiff's claims for libel *per se* and slander *per se*, based upon the following statement contained in an October 2002 television advertisement: "Carolyn Grant even admitted in court that she took $40,000 of her son's college money because she wanted to buy a new car."

Defendants appeal the denial of their motion to dismiss as to this one advertisement. The trial court's dismissal of Grant's remaining claims is not before this Court.

We first address whether defendants' appeal is interlocutory. Ordinarily, a trial court's denial of a motion to dismiss pursuant to

Rule 12(b)(6) of the Rules of Civil Procedure is an interlocutory order from which there is no right of appeal. *Bolton Corp. v. T. A. Loving Co.*, 317 N.C. 623, 629, 347 S.E.2d 369, 373 (1986). However, an interlocutory order is immediately appealable when the order being challenged affects a substantial right of the appellant, which would be lost absent immediate appellate review. N.C. Gen. Stat. § 1-277(a) (2004); *Lambe Realty Inv., Inc. v. Allstate Ins. Co.*, 137 N.C. App. 1, 3, 527 S.E.2d 328, 330 (2000). The question of whether an interlocutory appeal affects a substantial right must be considered in light of the " 'particular facts of that case and the procedural context in which the order from which appeal is sought was entered.' " *Sharpe v. Worland*, 351 N.C. 159, 162-63, 522 S.E.2d 577, 579 (1999) (citations omitted).

The reason for these rules is to prevent fragmentary and unnecessary appeals by permitting the trial division to dispose of a case fully before it is presented to an appellate court. *Waters v. Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978). In *Veazey v. Durham*, the landmark case on interlocutory appeals, Justice Ervin wrote "[t]here is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders." 231 N.C. 357, 363, 57 S.E.2d 377, 382 (1950).

In *Boyce v. Cooper*, 169 N.C. App. 572, 611 S.E.2d 175 (2005) (COA03-1542) (*Boyce II*), the plaintiff brought suit against the defendant for defamation related to a political television advertisement broadcast during the 2000 election for the office of North Carolina Attorney General. The defendant moved for judgment on the pleadings pursuant to Rule 12(c) of the Rules of Civil Procedure. The trial court denied the motion and defendant appealed. Defendant contended the appeal was not interlocutory under the holding in *Priest v. Sobeck*, 357 N.C. 159, 579 S.E.2d 250 (2002) (*per curiam* adoption of the dissent at 153 N.C. App. 662, 670-71, 571 S.E.2d 75, 80-81 (2003) (Greene, J., dissenting)). After considering the particular facts of the case and the procedural posture in which the case arose, this Court held the denial of defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Rules of Civil Procedure did not affect a substantial right, and determined the appeal was interlocutory. *Boyce II*, 169 N.C. App. at 578, 611 S.E.2d at 178-79. The Court found *Priest* distinguishable from the facts and procedural context of *Boyce II* because in *Priest* the trial court granted defendant's motion for summary judgment, whereas *Boyce II* dealt with the denial of a 12(c)

motion. *Id.* at 576, 611 S.E.2d at 177. This Court found the difference in the procedural posture to be significant, stating:

> On a motion for summary judgment the forecast of evidence is set. A court can more adequately determine whether the forecast evidence (affidavits, depositions, exhibits, and the like) presents a factual issue under the correctly applied legal standard for actual malice. In reviewing the allegations of the pleadings as in ruling on a 12(c) motion, the court need only decide if the elements of the claim, perhaps including actual malice, have been alleged, not how to apply that standard. An incorrect application of the actual malice standard to deny summary judgment results in trial, whereas denial of a 12(c) motion results in further discovery and possibly summary judgment or other proceedings.

*Id.* at 577, 611 S.E.2d at 178.

"Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In the matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). The facts of this case are indistinguishable from those in *Boyce II*. Both cases involve: (1) a suit for defamation in which one candidate for North Carolina political office ran a television advertisement against their opponent, which that opponent contends was defamatory and made with actual malice; (2) litigation over a political ad that had already been run in an election, but which does not involve an injunction preventing the defendant from running the ad in an upcoming election; and (3) implications concerning the First Amendment right of free speech. Most importantly, both cases came to this Court in the same procedural posture. The appeal in *Boyce II* stemmed from the denial of a 12(c) motion for judgment on the pleadings, and this case arose from a denial of a 12(b)(6) motion for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion for failure to state a claim is more akin to a 12(c) motion for judgment on the pleadings than a motion for summary judgment. *See Boyce II*, 169 N.C. App. at 576, 611 S.E.2d at 177-78. This is so because "at the time of filing typically no discovery has occurred, no evidence or affidavits are submitted, and a ruling is based on the [complaint], along with any properly submitted exhibits." *Id.* Thus, "[a]ny defenses or arguments that plaintiff[] cannot actually prove [her] allegations in the complaint due to lack of evidence regarding malice will not be immediately lost if this case proceeds." *Id.* at 578, 611 S.E.2d at 178.

Further, the same reasons the panel in *Boyce II* gave for finding *Priest* inapplicable apply equally to this case. Defendants rely solely upon *Priest* for their assertion that their constitutional defenses will be lost due to the trial court's denial of their 12(b)(6) motion, thus requiring an immediate appeal. *Accord id.* We are bound by the holding of the prior panel of this Court in *Boyce II*, and conclude defendants' appeal from the denial of their 12(b)(6) motion does not affect a substantial right which will be lost absent immediate appellate review. Since defendants' appeal is interlocutory and is not properly before this Court, it must be dismissed.

DISMISSED.

Judges McGEE and BRYANT concur.