THE COUNTY OF DURHAM and THE CITY OF DURHAM, Plaintiffs,
v.
EDGAR R. DAYE and wife ELLA M. DAYE (now both Deceased), Owners; ALL ASSIGNEES, HEIRS AT LAW and DEVISEES of EDGAR R. DAYE and or ELLA M. DAYE together with all CREDITORS and LIENHOLDERS regardless of how or through whom they claim, and ANY and ALL PERSONS CLAIMING ANY INTEREST IN THE ESTATES OF EDGAR R. DAYE and/or ELLA M. DAYE, Defendants.
No. COA07-1036
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
The Banks Law Firm, P.A., by Sherrod Banks, for plaintiff-appellant City of Durham.
Michaux & Michaux, P.A., by Eric C. Michaux, for defendants-appellees.
GEER, Judge.
The City of Durham appeals from the trial court's denial of its motion to dismiss and motion for summary judgment with respect to defendants' claims for lost rents and attorney's fees resulting from the City's tax foreclosure action. The City acknowledges that this appeal is interlocutory, but asserts that the appeal involves, at least in part, its sovereign immunity and, therefore, affects a substantial right. Because the City has failed to demonstrate that this appeal involves any claims against the City to which sovereign immunity attaches, the City has failed to meet its burden of showing appellate jurisdiction exists.
We note further that the trial court entered a final judgment in this matter three months after the order at issue in this appeal. The City has appealed that judgment, and all the issues presented in this appeal are also presented in the second appeal from the final judgment. The City has presented no explanation why this interlocutory appeal is permissible in light of the appeal from the final judgment. Accordingly, we dismiss.
Edgar and Ella Daye owned property located at 3603 Dearborn Avenue in Durham as tenants by the entirety. Mrs. Daye died in 1997, and Mr. Daye died in 1999 without lineal descendants. Subsequently, W.E. Daye, Mr. Daye's brother, took possession of the property and rented it to a tenant. On 27 January 2003, the City and County of Durham initiated a tax foreclosure action in Durham County District Court against the Dayes and their heirs and devisees (collectively "defendants") to recover unpaid taxes on real property for tax years 1995-1998 and 2000-2002. Defendants failed to respond to the complaint, and default was entered on 7 April 2003. A notice of sale was issued on 1 May 2003, and the property was sold to Chidinma Nweke for $17,261.00 on 20 June 2003. The Commissioners' Deed was delivered on 4 July 2003 with the sale being confirmed on 10 July 2003.
In August 2003, W.E. Daye was notified by his tenant that the property had been sold and the tenant evicted. On 22 April 2004, defendants filed a motion pursuant to Rule 60 of the Rules of Civil Procedure to have the entry of default, default judgment, and confirmation of sale set aside on the grounds of inadequate notice. In addition, defendants, in their motion, sought (1) a declaration that the heirs of Edgar R. Daye were the owners of the property, (2) lost rents from the property, and (3) costs and attorney's fees. On 28 July 2004, defendants filed a supplement to their motion adding an allegation that "[u]pon information and belief," the City and Durham County had waived any sovereign immunity through the purchase of liability insurance.
The superior court entered an order removing the case to superior court. In a separate order, the trial court entered an order (1) concluding that Chidinma Nweke, the Estate of Edgar R. Daye, and W.E. Daye (as administrator of the Estates of Edgar R. Daye and Ella M. Daye) were all necessary parties; and (2) ordering that they be joined as parties.
On 5 August 2004, the County filed a motion to dismiss the claim for damages on various grounds. The County, on 10 August 2004, filed a second motion to dismiss defendants' supplemental motion in the cause.
Judge Wade Barber heard defendants' Rule 60 motion on 4 September 2004. On 14 December 2004, Judge Barber entered an order setting aside the foreclosure sale. Judge Barber concluded: "The City and the County of Durham, having failed to apprise the Defendants of the pending foreclosure action, as they were required to do by the statutes of this state, the Constitution of North Carolina and the Constitution of the United States, all orders effecting the sale of the Defendants' property are void ab initio." Judge Barber also concluded that at the time of the order of sale and the sale of the property, the court did not have jurisdiction over the owners of the property and, for that reason as well, "the orders affecting [sic] the sale [were] void ab initio."
In an order entered 18 March 2005, Judge John W. Smith addressed the County's motions to dismiss. Judge Smith determined that the court lacked subject matter jurisdiction and personal jurisdiction over the claim for damages and costs as a result of sovereign immunity. Judge Smith also concluded that defendants had failed to state a claim for relief because the County was not responsible for any alleged error of the tax collector. Judge Smith, however, rejected the County's remaining arguments for dismissal. Defendants appealed Judge Smith's decision to this Court, but that appeal was dismissed as interlocutory. See County of Durham v. Daye, 177 N.C. App. 810, 630 S.E.2d 256, 2006 N.C. App. LEXIS 1246, 2006 WL 1529021 (N.C. Ct. App. June 6, 2006) (unpublished).
On 23 February 2006, defendants filed a motion seeking an order awarding them ownership and possession of the property or, in the alternative, permission to enter and lease the premises if the trial court did not grant them ownership and possession. On 1 August 2006, Judge Orlando F. Hudson, Jr. entered a supplemental order awarding the property to the heirs of Edgar R. Day.
On 7 February 2007, the City filed a motion to dismiss defendants' claim for damages and attorney's fees on the grounds that: (1) the City could not be liable for constitutional claims on the basis of respondeat superior; (2) damages are prohibited in tax foreclosure actions; (3) counterclaims are prohibited in tax foreclosure actions; (4) the Estates had no standing because the Dayes had no property rights since they died intestate; (5) the City could not be held liable for errors made by the tax collector; and (6) "[a]ssuming that Defendants' Motion in the Cause pleads tort claims, the claims are barred by all applicable immunities, including, but not limited to, sovereign immunity." On the same day, the City also filed a motion for summary judgment seeking dismissal of the claim for damages and attorney's fees on the same grounds as the motion to dismiss. On 14 May 2007, Judge Hudson denied the City's motion to dismiss and motion for summary judgment. The City filed a notice of appeal from this order on 12 June 2007.[1]
The Rule 11(c) Supplement to the Record on Appeal contains a "Final Order" entered by Judge Hudson on 1 August 2007. Judge Hudson concluded that "[t]he Plaintiffs['] action[s] have violated the civil rights of the Defendants in violation of the Constitution of the United States and the Constitution of North Carolina." The Court entered judgment against both the City and the County in the amount of (1) $9,500.00 with interest for loss rent, (2) $58,332.29 to remove Chidinma Nweke's judgment lien, and (3) $55,532.69 in attorney's fees. Both the City and the County have appealed from this order. That second appeal is currently pending before this court (COA07-1532).

Discussion
The City acknowledges that this appeal from the denial of its motion to dismiss and motion for summary judgment is interlocutory. See Carriker v. Carriker, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999) ("Interlocutory orders are those made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy."). Ordinarily, such decisions are not immediately appealable. Grant v. Miller, 170 N.C. App. 184, 186, 611 S.E.2d 477, 478 (2005).
The City argues, however, that this order affects a substantial right: "Plaintiff City of Durham's Rule 12(b)(6) and Rule 56 motions are based, in part, on the defense of governmental immunity, which has been held to affect a substantial right." See RPR & Assocs. v. State, 139 N.C. App. 525, 527, 534 S.E.2d 247, 250 (2000) ("[T]he denial of a motion to dismiss based upon the defense of sovereign immunity affects a substantial right and is thus immediately appealable."), aff'd per curiam, 353 N.C. 362, 543 S.E.2d 480 (2001). As for the bases of its motions that do not involve sovereign immunity, the City contends that "appellate review of said grounds is permitted because allowing an immediate appeal only from the order denying the City of Durham's Motion to Dismiss and Motion for Summary Judgment on the basis of governmental immunity would create a fragmentary appeal." The City makes no argument regarding a substantial right other than sovereign immunity.
A review of the record, however, reveals that this appeal does not involve the City's sovereign immunity. The motion to dismiss and motion for summary judgment filed in the trial court state: "Assuming that Defendants' Motion in the Cause pleads tort claims, the claims are barred by all applicable immunities, including, but not limited to, sovereign immunity." The City's brief on appeal similarly states: "While the Appellee Estates did not plead any state law claims against Appellant City of Durham in their motions, they attempted to argue as such, and therefore, to the extent that the Appellee Estates base their claims against Appellant City of Durham on state law, Appellant City of Durham is protected by governmental immunity." (Emphasis added.) In response, defendants have confirmed in their brief to this Court that they were not asserting tort claims: "All of the Appellants['] arguments [regarding sovereign immunity] deal with tort claims. This lawsuit, although making references to waiver of governmental immunity in the Motion in the Cause[,] does not deal with tort claims. This lawsuit is predicated upon constitutional violations." (Emphasis added.) The City has made no argument that it is entitled to sovereign immunity with respect to claims under the state and federal constitutions.
Indeed, our Supreme Court has specifically held that sovereign immunity cannot bar a state constitutional claim asserted against a governmental entity: "[C]onstitutional rights are a part of the supreme law of the State. On the other hand, the doctrine of sovereign immunity is not a constitutional right; it is a common law theory or defense established by this Court. . . . Thus, when there is a clash between these constitutional rights and sovereign immunity, the constitutional rights must prevail." Corum v. Univ. of N.C., 330 N.C. 761, 786, 413 S.E.2d 276, 291-92, cert. denied sub nom. Durham v. Corum, 506 U.S. 985, 121 L. Ed. 2d 431, 113 S. Ct. 493 (1992). As a result, "[t]he doctrine of sovereign immunity cannot stand as a barrier to North Carolina citizens who seek to remedy violations of their rights guaranteed by the Declaration of Rights." Id. at 785-86, 413 S.E.2d at 291.
Likewise, with respect to the federal constitution, it is well established that a municipality such as the City is not entitled to immunity from liability for damages. See Onslow County v. Phillips, 123 N.C. App. 317, 320, 473 S.E.2d 643, 646 (1996) ("A county, like other units of local government, has no immunity for liability under section 1983." (citing Owen v. City of Independence, 445 U.S. 622, 638, 63 L. Ed. 2d 673, 685-86, 100 S.Ct. 1398, 1409 (1980))), rev'd in part on other grounds, 346 N.C. 265, 485 S.E.2d 618 (1997).[2]
Because the City has presented no argument for interlocutory review other than sovereign immunity, it has failed to demonstrate that this Court has jurisdiction. We note further that all of the City's arguments presented in this appeal have been duplicated in its subsequent appeal from the final judgment that is currently pending before this Court. The City has provided no explanation why its substantial rights will be affected by having those issues addressed in the second appeal rather than in the first. As this Court has previously stressed, "[i]t is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order. . . ." Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). Accordingly, this appeal is dismissed.
Dismissed.
Judges TYSON and STROUD concur.
Report per Rule 30(e).
NOTES
[1] On 1 June 2007, Judge Hudson also ordered the heirs of Edgar R. Day to pay Chidinma Nweke $58,332.29 as compensation for permanent improvements she had made to the property.
[2] 42 U.S.C. § 1983 is the sole basis for asserting claims against state officials and governmental bodies for violations of the federal constitution.