SOUTHLAND ASSOCIATES REALTORS, INC. v. ALAN N. MINER AND AMY J. ELDRIDGE

No. 8410SC674

(Filed 5 March 1985)

1. **Appeal and Error § 68— previous Court of Appeals' reversal of summary judgment—statement that no binding contract existed—not law of the case**

   Where the Court of Appeals had previously reversed a summary judgment for plaintiff in an action to collect a realtor's commission, a statement in the opinion that there was no binding contract was not necessary to the holding that an unresolved issue of fact existed, the "law of the case" doctrine did not apply, and defendants' Rule 12(b)(6) motion to dismiss was properly denied.

2. **Brokers and Factors § 6— right to real estate commission—judgment for plaintiff affirmed**

   In an action to recover a realtor's commission, judgment for plaintiff by a court sitting without a jury was affirmed where the evidence showed that defendants had agreed by virtue of a listing agreement to give plaintiff the exclusive right to sell their property; the listing agreement did not contain the specific terms upon which plaintiff would sell the property, but defendants verbally agreed that the property would be sold by the buyers assuming the existing loan; the assumability of the loan was a factor in agreeing upon the asking price of the property; the existing note and deed of trust were assumed by subsequent buyers; defendants testified that they were willing for the prospective buyer to assume the existing loan; plaintiff procured an offer to purchase for the full price asked by defendants; the prospective purchaser testified that his intent was to assume the existing mortgage and that he was ready, willing and able to purchase the property; defendants refused the offer, stating that they no longer wished to sell the property; and the court found facts resolving in plaintiff's favor the issue of whether plaintiff had produced a purchaser who was ready, willing and able to purchase defendants' property in accordance with the terms in the listing agreement.

APPEAL by defendants from *Lee, Judge.* Judgment entered 30 January 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 12 February 1985.

This is a civil action in which plaintiff, a real estate broker, seeks to recover a commission for having procured a purchaser

for defendants' property. This case was initially before this court in 1983 upon defendants' appeal from summary judgment in favor of the plaintiff. We concluded that there were unresolved issues of material fact and reversed the entry of summary judgment. *Southland Assoc. Realtors v. Miner,* 65 N.C. App. 126, 308 S.E. 2d 773 (1983). The defendants then moved, pursuant to G.S. 1A-1, Rule 12(b)(6), to dismiss the action for failure of the complaint to state a claim for relief, contending that this court's opinion had decided the issue of liability against plaintiff. The trial court denied the motion and the case proceeded to trial without a jury. After trial, the court made findings of fact, conclusions of law and entered judgment in favor of the plaintiff in the amount of $8,094.00. Defendants appealed to this court.

*Lawrence & Evans, by Gary S. Lawrence, for plaintiff appellee.*

*Harrell, Titus & Hassell, by Robert A. Hassell, for defendant appellants.*

MARTIN, Judge.

[1] In this appeal defendants contend that the Court of Appeals' prior decision reversing summary judgment for plaintiff finally adjudicated the contractual issue between the parties, and therefore defendants' motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6) should have been allowed. Our interpretation of the former decision results in a different conclusion and we affirm the entry of judgment in plaintiff's favor.

Upon the prior appeal of this case, this court, in reversing summary judgment in favor of plaintiff, declared there were the following unresolved issues of material fact:

In the case on appeal, the only term expressed in the contract between plaintiff and defendants is the cash price. There is no evidence that the Colemans ever made an offer to pay cash for the property, but instead sought to assume defendant's mortgage. There is no evidence that this mortgage was assumable or that defendants would have even agreed to an assumption. As a result there is insufficient evidence that the Colemans were either financially able to purchase the property or able to purchase the property under terms agreed to by the sellers.

*Southland Assoc. Realtors v. Miner, supra* at 129, 308 S.E. 2d at 775. The court went on to say that "since the terms of the sale appear never to have been fixed, there was no binding contract between the parties and ·defendants could freely terminate the negotiations without liability to plaintiff." *Id.* Upon this last statement, defendants contend that, under the "law of the case" doctrine, no binding contract existed; hence, no claim for relief existed. Generally,

> when an appellate court decides a question and remands the case for further proceedings, the questions determined by the appellate court become the law of the case, both in subsequent proceedings in the trial court, and on appeal. [Citation omitted.] The doctrine of law of the case does not apply to dicta, but only to points actually presented and necessary to the determination of the case. [Citation omitted.]

*Waters v. Phosphate Corp.*, 61 N.C. App. 79, 84, 300 S.E. 2d 415, 418 (1983), *modified on other grounds*, 310 N.C. 438, 312 S.E. 2d 428 (1984).

The sole question before this court upon the prior appeal was whether the pleadings, admissions and affidavits contained in the record proper affirmatively showed that there were no genuine issues of material fact so that plaintiff would be entitled, on the facts established, to judgment in its favor as a matter of law. This court held that the plaintiff had not adequately carried its summary judgment burden, stating that "there was an unresolved issue of material fact" as to the assumability of the defendants' mortgage and, consequently, as to the financial ability of the prospective purchasers to consummate the transaction. The case was not before the court for a decision on the merits; the statement upon which the defendants rely was based upon limited evidence within the record on appeal, was not necessary to the holding that an unresolved issue of fact existed, and was not binding on the subsequent proceedings in the trial court. *See Waters v. Phosphate Corp., supra.* The prior appeal establishes only that plaintiff was not entitled to summary judgment; it did not establish that plaintiff was not entitled to present its evidence with regard to the disputed issues. The "law of the case" doctrine does not apply. *See Edwards v. Northwestern Bank*, 53 N.C. App. 492, 281 S.E. 2d 86, *disc. rev. denied*, 304 N.C. 389, 285 S.E. 2d 831

(1981). Therefore, the trial court properly denied defendants' Rule 12(b)(6) motion to dismiss.

[2]  At the time of the prior decision, the record contained no evidence to establish that the listing agreement between plaintiff and defendant included within its terms that defendants' property could be sold by means of an assumption of the existing loan. At the trial on the merits, however, the evidence disclosed the following: Defendants agreed by virtue of a listing agreement executed on 4 November 1981 to give plaintiff the exclusive right to sell their property for a period of 90 days at the asking price of $134,900.00. The listing agreement did not contain the specific terms upon which the defendants would sell their property; however, the defendants verbally agreed with Pat Wiles, plaintiff's agent, that the property could be sold by the buyers assuming the existing loan. Pat Wiles testified that prior to listing the house, the assumability of defendants' loan was discussed as a factor considered by the parties in agreeing upon the asking price of the property. The existing note and deed of trust on defendants' property could have been assumed by subsequent buyers. Both defendants testified that they were willing for the prospective buyer to assume the existing loan. Plaintiff procured an offer to purchase for the full price asked by defendants. Defendants refused to accept the offer, stating that they no longer wished to sell the property. The prospective purchaser, Mr. Coleman, testified that an attractive feature to him and his wife in making their offer to purchase defendants' property was the assumability of the existing loan. It was their intent to assume the existing mortgage and pay the balance of the purchase price to the defendants. Mr. Coleman further testified that he was ready, willing and able to purchase defendants' property.

Upon this evidence, the trial court found facts resolving, in the plaintiff's favor, the issue as to whether plaintiff had produced a purchaser who was ready, willing and able to purchase defendants' property in accordance with the terms agreed upon in the listing agreement. Under North Carolina law, *see Sparks v. Purser*, 258 N.C. 55, 127 S.E. 2d 765 (1962), plaintiff was entitled to recover a commission. Accordingly, the judgment of the trial court is

Affirmed.

Judges WEBB and PHILLIPS concur.