BOYCE & ISLEY, PLLC, EUGENE BOYCE, R. DANIEL BOYCE, PHILIP R. ISLEY AND LAURA B. ISLEY, PLAINTIFFS v. ROY A. COOPER, III THE COOPER COMMITTEE, JULIA WHITE, STEPHEN BRYANT, AND KRISTI HYMAN, DEFENDANTS

No. COA10-243

(Filed 3 May 2011)

**1. Interlocutory orders and appeal—substantial right—immediately appealable**

Defendants' appeal from the trial court's order denying their motion for summary judgment in a defamation *per se* and unfair and deceptive trade practices case affected a substantial right and was immediately appealable.

**2. Trials— law of the case—same issues—questions settled**

The trial court did not err in a defamation *per se* and unfair and deceptive trade practices case by treating *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25 (*Boyce I*), as controlling law of

the case. Because many of the same issues from *Boyce I* arose on review in this case, the questions settled in the Court of Appeals' prior opinion were controlling here.

**3. Unfair Trade Practices— defamation—genuine issue of material fact—false statements—denial of summary judgment**

The trial court did not err in a defamation *per se* and unfair and deceptive trade practices case by denying defendants' motion for summary judgment. There was, at the very least, a genuine issue of material fact as to whether the statements made in defendants' political advertisement were false.

**4. Unfair Trade Practices— defamation—genuine issue of material fact—actual malice**

The trial court did not erroneously fail to grant defendants' motion for summary judgment in a defamation *per se* and unfair and deceptive trade practices case. There were genuine issues of material fact as to whether defendants acted with actual malice as to plaintiff Daniel Boyce in the airing of a political advertisement. As for the remaining plaintiffs, there was a genuine issue of material fact as to whether the actual malice standard was applicable.

**5. Unfair Trade Practices— defamation—statements of or concerning plaintiffs—determination controlling**

The trial court did not err by denying defendants' motion for summary judgment as to all plaintiffs other than Dan Boyce in a defamation *per se* and unfair and deceptive trade practices case. In *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, (*Boyce I*) the Court of Appeals determined that statements in the political advertisement were "of or concerning" plaintiffs and that determination was controlling in this case.

**6. Unfair Trade Practices— genuine issue of material fact— defamation—sufficient evidence**

The trial court did not erroneously fail to find that there was no genuine issue of material fact with respect to plaintiffs' unfair and deceptive trade practices cause of action because plaintiffs were able to forecast sufficient evidence to support a defamation cause of action.

Appeal by Defendants from order entered 8 May 2009 by Judge W. Osmond Smith, III in Wake County Superior Court. Heard in the Court of Appeals 1 September 2010.

*Boyce & Isley, PLLC, by G. Eugene Boyce and R. Daniel Boyce; Patterson Dilthey, LLP, by Ronald C. Dilthey; and Blanchard, Miller, Lewis & Isley, PA, by Philip R. Isley, for Plaintiffs-Appellees.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Jim W. Phillips, Jr. and Charles E. Coble; and Smith Moore Leatherwood, LLP, by Alan W. Duncan, Allison O. Van Laningham, and Stephen M. Russell, Jr., for Defendants-Appellants.*

*Everett, Gaskins, Hancock & Stevens, by Hugh Stevens, for Amicus The North Carolina Press Foundation, Inc.*

BEASLEY, Judge.

Defendants appeal from a trial court order denying their motion for summary judgment. After a review of the record evidence and relevant authority, we affirm the trial court's order.

The underlying facts of this appeal have been discussed at length in *Boyce & Isley, PLLC v. Cooper,* 153 N.C. App. 25, 568 S.E.2d 893 (2002) ("Boyce I") and *Boyce & Isley, PLLC v. Cooper,* 169 N.C. App. 572, 611 S.E.2d 175 (2005) ("Boyce II"). The relevant factual and procedural background is as follows: In 2000, Defendant, Roy A. Cooper, III and Daniel Boyce, respectively, sought election to the Office of North Carolina Attorney General. Dan Boyce ran in opposition to Cooper. Beginning in late October 2000, the following television advertisement was broadcasted throughout North Carolina:

I'm Roy Cooper, candidate for Attorney General, and I sponsored this ad.

. . . .

Dan Boyce-his law firm sued the state, charging $28,000 an hour in lawyer fees to the taxpayers.

The Judge said it shocks the conscience.

Dan Boyce's law firm wanted more than a police officer's salary for each hour's work.

Dan Boyce, wrong for Attorney General.

On 22 November 2000, Plaintiffs filed suit raising, in relevant part, defamation *per se* and unfair and deceptive trade practices causes of action against Defendants. In their complaint Plaintiffs alleged that:

[t]he Defendants conspired and acted in concert to publish knowingly false words defaming Boyce & Isley, PLLC, the member attorneys of Boyce & Isley, PLLC and Dan Boyce, as candidate for the position of North Carolina Attorney General. Said spoken and written words intentionally placed in the negative attack ad were known by Defendants to be false and defamatory at the time they were made, and were made with reckless disregard for whether they were true [or] false.

On 6 April 2000, the trial court granted a motion to dismiss made by Defendants pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Plaintiffs appealed from the trial court's order. In *Boyce I* our Court reversed the portion of a trial court order that dismissed Plaintiffs' defamation and unfair and deceptive trade practices causes of action, holding that "[t]he allegations in plaintiffs' complaint sufficiently pled their claim of defamation by defendants to overcome a Rule 12(b)(6) motion to dismiss." *Boyce I*, 153 N.C. App. at 35, 568 S.E.2d at 901. Both the Supreme Court of North Carolina and the United States Supreme Court declined to hear Defendants' appeal from our decision in *Boyce I*.

On remand from *Boyce I*, Defendants answered Plaintiffs' complaint raising several constitutional defenses and moved for judgment on the pleadings pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure. *Boyce II*, 169 N.C. App. at 573, 611 S.E.2d at 176. The trial court denied Defendants' motion for judgment on the pleadings and Defendants appealed. *Id.* In *Boyce II*, dismissing Defendant's appeal as interlocutory, our Court held that "[D]efendants have failed to carry their burden of showing that this case affects a substantial right which will be lost if the substance of this appeal is not heard now." *Id.* at 578, 611 S.E.2d at 179. On 15 April 2009, following a second remand to the trial court, Defendants moved for summary judgment arguing that no genuine issues of material fact existed with respect to Plaintiffs' defamation and unfair and deceptive trade practices cause of action. On 8 May 2009, the trial court denied Defendants' motion for summary judgment as to Roy A. Cooper, III, The Cooper Committee, and Julia White. Defendants filed their notice of appeal to this Court on 11 May 2009. On appeal, Defendants argue that: (I) "the trial court erred by treating *obiter dictum* from a prior appellate decision as law of the case;"( II) "the trial court erred by denying [their] motion for summary judgment because Plaintiffs cannot prove the political ad is false;" (III) "The trial court erred by denying [their] motion for sum-

mary judgment because Plaintiffs cannot prove Defendants acted with actual malice;" (IV) "the trial court erred by denying [their] motion for summary judgment as to all Plaintiffs other than Dan Boyce because they cannot prove [that] the political ad was 'of and concerning' them; and (V) "the trial court erred by denying [their] motion for summary judgment because Plaintiffs cannot establish liability under chapter 75."

## Interlocutory Order and Motion to Dismiss

[1] By motion filed with this Court, Plaintiffs seek to dismiss Defendants' appeal from the denial of the trial court's summary judgment order.[1] Plaintiffs argue that Defendants' appeal from the order is "interlocutory" and "premature." We disagree.

Generally, interlocutory trial court orders are not immediately appealable to this Court. *Duval v. OM Hospitality, LLC*, 186 N.C. App. 390, 392, 651 S.E.2d 261, 263 (2007). "An interlocutory order or judgment is one which is 'made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy.' " *Carcano v. JBSS, LLC,* —— N.C. App. ——, —— 684 S.E.2d 41, 47 (2009) (quoting *Bob Timberlake Collection, Inc. v. Edwards*, 176 N.C. App. 33, 37, 626 S.E.2d 315, 320 (2006)). Our Court has recognized that an order denying a litigant' s request for summary judgment is interlocutory in nature. *McCallum v. N.C. Coop. Extension Serv.*, 142 N.C. App. 48, 542 S.E.2d 227 (2001). While immediate appeals from interlocutory orders are generally impermissible, there are two exceptions:

> First, a party may appeal where the trial court enters a final judgment with respect to one or more, but less than all of the parties or claims, and the court certifies the judgment as immediately appealable under Rule 54(b) of the North Carolina Rules of Civil Procedure. A party may also appeal an interlocutory order if it affects a substantial right and will work injury to the appellant if not corrected before final judgment.

*Romig v. Jefferson-Pilot Life Ins. Co.*, 132 N.C. App. 682, 685, 513 S.E.2d 598, 601 (1999) (internal quotations and citations omitted).

---

1. We also note that there are three motions to strike and a motion for sanctions filed by Defendants are before this panel for review. After a review, we perceive no "substantial" or "gross" violation of the rules of appellate procedure. Accordingly, we deny Defendants' motions and address the substantive issues that arise from this action. *See* N.C. R. App. (34); See *Dogwood Dev. & Mgmt Co., LLC, v. White Oak Transp.*, 362 N.C. 191, 201, 657 S.E.2d 361, 367 (2008).

"[I]t is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal . . . ." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 254 (1994).

In the present case, the trial court's order affects a substantial right belonging to Defendants. Our Courts apply a two-step test to determine whether an interlocutory order affects a substantial right and is therefore immediately appealable. *Goldston v. American Motors Corp.*, 326 N.C. 723, 392 S.E.2d 735 (1990). "[T]he right itself must be substantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment." *Id.* at 726, 392 S.E.2d at 736. Whether a substantial right is affected depends upon the particular facts, circumstances, and procedural context presented in each case. *Estrada v. Jaques*, 70 N.C. App. 627, 642, 321 S.E.2d 240, 250 (1984); *Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978).

Our Courts have recognized that because a misapplication of the actual malice standard when considering a motion for summary judgment "would have a chilling effect" on a defendant's right to free speech, a substantial right is implicated. *Priest v. Sobeck*, 357 N.C. 159, 579 S.E.2d 250 (2003) (*per curiam* adoption of dissent 153 N.C. App. 662, 670-71, 571 S.E.2d 75, 80-81 (2002) (Greene, J., dissenting)). In *Boyce II*, our Court addressed this issue as it related to Defendants' motion for judgment on the pleadings. There, citing *Priest*, Defendants argued that "our Supreme Court has recently recognized that the constitutional defenses available to a defendant in a defamation case affect a substantial right and are immediately appealable on the merits." *Boyce*, 169 N.C. App. at 575, 611 S.E.2d at 177 (internal quotation marks omitted). Our Court declined to extend the holding in *Priest* to Defendants' appeal from a motion for judgment on the pleadings. *Id.* at 576, 611 S.E.2d at 177. Likening a motion for judgment on the pleadings to a motion to dismiss, we reasoned that because in a motion to dismiss the trial court was not actually required to "apply" the actual malice standard, the Court's reasoning in Priest was inapplicable. *See id.* at 577, 611 S.E.2d at 178 (explaining that "on a [motion to dismiss], the court need only decide if the elements of the claim, perhaps including actual malice, have been [properly] alleged, not how to apply that standard."). In the present case, Defendants appealed from a trial court's order denying their motion to dismiss an order for summary judgment. In the motion, Defendants generally sought to apply the defense of actual malice to Plaintiffs'

cause of action. As a candidate for a public office, Dan Boyce was subject to the actual malice standard. In determining that there was a genuine issue of material fact as to Plaintiffs' defamation cause of action, the trial court was required to apply the actual malice standard to the facts and circumstances presented specifically in this appeal. Accordingly, we review the substantive legal issues raised by Plaintiffs' appeal.

## Standard of Review

It is well established that a motion for summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009). When reviewing a summary judgment order "this Court must view the record in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor." *Gaskill v. Jennette Enters., Inc.*, 147 N.C. App. 138, 140, 554 S.E.2d 10, 12 (2001). The party moving for summary judgment has the burden of establishing the lack of any triable issue. The moving party may meet this burden by "(1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense which would bar the claim." *James v. Clark*, 118 N.C. App. 178, 181, 454 S.E.2d 826, 828 (1995) (citation omitted). "Once the moving party meets its burden, then the non-moving party must 'produce a forecast of evidence demonstrating that the plaintiff will be able to make out at least a prima facie case at trial.' " *Purvis v. Moses H. Cone Mem'l Hosp. Serv. Corp.*, 175 N.C. App. 474, 477, 624 S.E.2d 380, 383 (2006) (quoting *Collingwood v. Gen. Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)).

## Defendants' Appeal

### I.

**[2]** Defendants first argue that the trial court erred by treating *Boyce I* as controlling law of the case. We disagree and hold that because many of the same issues from *Boyce I* arise on review in this case, the questions settled in our prior opinion are controlling here.[2]

---

2. Though commentators suggest, and we are concerned, that this Court misapplied defamation law in *Boyce I*, *See* Hugh Stevens, *Boyce & Isley, PLLC v. Cooper*

"Where an appellate court decides questions and remands a case for further proceedings, its decisions on those questions become the law of the case, both in the subsequent proceedings in the trial court and upon a later appeal, where the same facts and the same questions of law are involved." *Sloan v. Miller Building Corp.*, 128 N.C. App. 37, 41, 493 S.E.2d 460, 463 (1997). "However, the general rule only applies to issues actually decided by the appellate court. The doctrine of law of the case does not apply to dicta, but only to points actually presented and necessary to the determination of the case." *Condellone v. Condellone*, 137 N.C. App. 547, 551, 528 S.E.2d 639, 642 (2000) (internal quotation marks and citations omitted).

Most relevant to this case, our Court in *Boyce I* determined that:

> the allegedly false statements, when viewed through the eyes of an average person and in the context of the advertisement as a whole, are defamatory *per se*. Defendants' statements directly maligned plaintiffs in their profession by accusing them of unscrupulous and avaricious billing practices. Contrary to defendants' contentions, no innuendo or reference to ethical rules governing attorney conduct is necessary to conclude that the advertisement charged plaintiffs with committing contemptible business practices. *See Ellis*, 326 N.C. at 224, 388 S.E.2d at 130 (holding that the language in a letter by the defendant company, taken in the context of the entire letter, was defamatory, in that it accused the plaintiff company of committing an unauthorized act and so impeached the plaintiff company in its trade). Nor do we conclude that such accusations were ambiguous. We doubt that defendants intended their advertisement as a compliment to plaintiffs' skills and abilities as "top-notch" attorneys, and we do not conclude that the average person would otherwise interpret the advertisement in a non-derogatory fashion. *See McKimm v. Ohio Elections Comm.*, 89 Ohio St.3d 139, 146, 729 N.E.2d 364, 372 (2000) (holding that, where a cartoon published by a candidate for political office unambiguously depicted the opposing candidate engaging in unlawful and unethical activity, such cartoon was not reasonably susceptible to more than one meaning and was thus defamatory), *cert. denied*, 531 U.S. 1078, 148 L. Ed. 2d 674 (2001).

*and the Confusion of North Carolina Libel Law*, 82 N.C. L. Rev. 2017 (2004), without review by the Supreme Court of North Carolina, we are bound by the earlier decision even if erroneous.

*Boyce I*, 153 N.C. App. at 32, 568 S.E.2d at 899. Because our Court held that the statements in the advertisement were indeed defamatory, this question is settled in the case at bar.

On a motion for judgment on the pleadings, the trial court is required to assume that the facts alleged in the complaint are true, and review the remaining questions of law. *See Washburn v. Yadkin Valley Bank & Tr. Co.*, 190 N.C. App. 315, 322, 660 S.E.2d 577, 583 (2008). When reviewing a libel *per se* cause of action, the trial court must initially determine whether the statements or publications are subject to a single interpretation. *Renwick v. News and Observer Pub. Co.*, 310 N.C. 312, 318, 312 S.E.2d 405, 409 (1984). Once a court has concluded that only one meaning can be derived from the publication, the court must determine whether the publication was defamatory. *Id.* Only after answering both questions affirmatively, should the libel *per se* be submitted to the jury. *Id.* Ultimately, "[w]hether a publication is libelous *per se* is a question of law for the court." *Boyce I*, 153 N.C. App. at 31, 568 S.E.2d at 899.

In *Boyce I*, reviewing a motion for judgment on the pleadings, our Court determined that assuming that the statements in the advertisement were false, they were defamatory as a matter of law. In this case, reviewing the trial court's denial of the motion for summary judgment, the initial inquiry as to the defamatory nature of the statements is settled. While a different standard of review is applied on a motion for summary judgment, the analysis as to the defamatory nature of the statements remains unchanged. Now, the only question remaining is whether Plaintiffs sufficiently forecast evidence to submit the defamatory statements to the jury. After a review of the record, we find that Plaintiffs presented sufficient evidence to submit the libel per se action to the jury.

Defendants argue that because this action is at a different stage of appeal, the prior determinations in *Boyce I* are not controlling. However, the cases cited by Defendant are distinguishable. In those cases cited by Defendants, the application of the differing standard of review, altered the reviewing court's inquiry. For example, in *Southland Assoc. Realtors v. Miner*, the plaintiff real estate broker filed suit, seeking a commission for securing a buyer for the defendant's home. 73 N.C. App. 319, 319-20, 326 S.E.2d 107, 107 (1985). Addressing this action earlier, this Court previously reversed a trial court order granting summary judgment for the plaintiffs, determining that genuine issues of material fact remained unresolved. *Id.* On remand, the defendants moved to dismiss the action pursuant to Rule

12(b)(6) of the North Carolina Rules of Civil Procedure. *Id.* The trial court denied the motion and the case proceeded to trial, with the plaintiffs recovering damages as a result. *Id.*

Thereafter, the defendant appealed the trial court's decision arguing that because "the Court of Appeals' prior decision reversing summary judgment for plaintiff finally adjudicated the contractual issue between the parties," the earlier 12(b)(6) motion should have been granted. *Id.* at 320, 326 S.E.2d at 107-08. On review, our Court held that the statements relating to the merit of the contractual agreement made in the summary judgment decision were not controlling when considering the motion to dismiss. *Id.* at 321, 326 S.E.2d at 108. Our Court reasoned that the summary judgment proceeding was not before the court for a decision on the merits. Therefore, "the statement upon which the defendants rely was based upon limited evidence within the record on appeal, was not necessary to the holding that an unresolved issue of fact existed, and was not binding on the subsequent proceedings in the trial court." *Id.*

Here, as to the initial questions of law that must be addressed by the Court, the inquiry from the prior opinion is the same; therefore, our reasoning from the prior opinion is controlling. The application of the differing standards of review on summary judgment would not alter our conclusion in this case. We also note that on review of a motion for summary judgment we no longer assume that the facts alleged in the complaint are true, and any ruling on the facts in the prior case are not controlling as a matter of law in the present case. Accordingly, we hold that the defamatory nature of the 2000 political advertisement was settled in *Boyce I.*

II.

**[3]** Defendants next argue that the trial court erred by denying their motion for summary judgment because Plaintiffs cannot show that the political ad was false. We disagree.

"In order to recover for defamation, a plaintiff must allege and prove that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation." *Tyson v. L'eggs Products, Inc.,* 84 N.C. App. 1, 10-11, 351 S.E.2d 834, 840 (1987) (emphasis added). Truth is a defense to a libel action. *Holleman v. Aiken,* 193 N.C. App. 484, 668 S.E.2d 579 (2008).

A thorough review of the record reveals that there is, at the very least, a genuine issue of material fact as to whether the statements

made in Defendants' political advertisement are false. In *Boyce I*, addressing a motion for judgment on the pleadings, our Court had to take the allegations in Plaintiffs' complaint as true. *See Boyce I*, 153 N.C. App. at 29, 568 S.E.2d at 897-98. On review of summary judgment, our Court must determine whether there is a genuine issue of material fact as to whether Plaintiffs' political advertisement was indeed false. This inquiry requires our Court to review the forecast of evidence presented by Plaintiffs. *See Purvis*, 175 N.C. App. at 477, 624 S.E.2d at 383.

Primarily, Plaintiffs argue that Defendants' political advertisement falsely asserts that Dan Boyce's law firm sued the state. The statements in Defendants' political advertisement in 2000 arose from a 1995 class action suit seeking to recover "refunds of intangibles taxes paid for the years 1991 through 1994 to the State of North Carolina." Plaintiff, Eugene Boyce, was listed as counsel in this action. On 10 June 1997, Eugene Boyce filed a fee petition with the court seeking compensation for his participation in the case. In the petition Eugene Boyce identified himself as "Eugene Boyce, Esq., of the Boyce Law Firm[.]" On appeal, Plaintiffs present numerous documents indicating that at the time that Eugene Boyce filed the fee petition, he was a solo practitioner and that the other Plaintiffs listed in this action did not participate in the class action tax suit. Moreover, Plaintiffs present additional evidence that Boyce & Isley, PLLC, was not formed until after the petition in the 1995 tax case was filed. Accordingly, when viewed in a light most favorable to Plaintiffs, there is a genuine issue as to whether the advertisements' assertions were indeed false. Defendants' argument is without merit.

III.

[4] Next, Defendants argue that the trial court erroneously failed to grant their motion for summary judgment because Plaintiffs cannot forecast sufficient evidence to show that Defendants acted with actual malice. We disagree.

"In actions for defamation, the nature or status of the parties involved is a significant factor in determining the applicable legal standards." *Proffitt v. Greensboro News & Record*, 91 N.C. App. 218, 221, 371 S.E.2d 292, 293 (1988). In *New York Times Co. v. Sullivan*, the United States Supreme Court prohibited public officials from recovering for alleged defamatory statements relating to their official conduct without first proving that the statement was made with actual malice. 376 U.S. 254, 279-80, 11 L. Ed. 2d 686, 706 (1964). The

Court defined actual malice as a statement made "with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* Later, in *Curtis Publishing Co. v. Butts,* the principle set forth in Sullivan was extended to "public figures." 388 U.S. 130, 18 L. Ed. 2d 1094 (1967). Public figures are categorized as "involuntary public figures, all purpose public figures, and limited purpose public figures." *Gaunt v. Pittaway,* 139 N.C. App. 778, 785, 534 S.E.2d 660, 664 (2000) (citing *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 345, 41 L. Ed. 2d 789, 808 (1974)). "Under North Carolina law, an individual may become a limited purpose public figure by his purposeful activity amounting to a thrusting of his personality into the 'vortex' of an important public controversy." *Id.* at 786, 534 S.E.2d at 665 (internal quotation marks and citations omitted).

In this case, the trial court appropriately denied Defendants' motion for summary judgment. As a candidate for political office, Dan Boyce is required to show actual malice in his defamation cause of action. *See Taylor v. Greensboro News Co.,* 57 N.C. App. 426, 436, 291 S.E.2d 852, 858 (1982) (holding that the standard of actual malice is applicable to a political candidate). A series of e-mail correspondence between Julia White (White), communications director for Cooper's political campaign, and other members of the campaign, tended to show defendants knew that neither Daniel Boyce nor Boyce & Isley, PLLC were involved with the Smith case. The e-mail correspondence at a minimum reveals that defendants "in fact entertained serious doubts as to the truth of [the] publication." *St. Amant v. Thompson,* 390 U.S. 727, 731, 20 L. Ed. 2d 262, 267 (1968). Taken in their worst light, they show that defendants had full knowledge that Daniel Boyce had no connection whatsoever with the attorney's fees petition filed in the Smith case. Rather than abandon what they perceived to be a "zinger" of a political advertisement, they decided to proceed regardless of the facts.

There is a vast amount of evidence in this case. Defendants have presented evidence that tends to contradict the above-quoted e-mails. However, it is the role of the jury to resolve conflicts in the evidence, not the trial court at summary judgment. Under Rule 56, the trial court can grant summary judgment only where "there is no genuine issue as to any material fact" and a party "is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56. The learned trial court correctly determined that there were genuine issues of material fact as to whether defendants acted with actual malice as to Daniel Boyce in the airing of the political advertisement.

As for the remaining Plaintiffs, there is a genuine issue of material fact as to whether the actual malice standard is applicable. Defendants argue that the remaining Plaintiffs are limited purpose public figures. However, Defendants fail to present any evidence that the fees sought by Eugene Boyce in the class action suit involved a public controversy. Even assuming that Eugene Boyce's legal fees from the 1995 class action tax case involved a public controversy, there is no evidence that the remaining Plaintiffs thrust themselves into the "vortex" of this controversy.

In *Gaunt*, our Court determined that the plaintiff inserted himself into the "vortex" of a public debate relating to in vitro fertilization. 139 N.C. App. at 786, 534 S.E.2d at 665. In reaching this conclusion, our Court discussed a number of examples of how one could insert himself into this public controversy. *Id.* In a statement referring to the controversy, the plaintiff stated that he "spent every spare moment trying to stop this lunacy [.]" The plaintiff wrote politicians, employed a personal lobbyist, and "procured the services of a public relations agent to enhance his public image." *Id.* at 786, 534 S.E.2d at 666. Additionally, the plaintiff provided a local newspaper with his side of the public controversy. Unlike the plaintiff in *Gaunt*, the record in this case is devoid of any evidence that Plaintiffs inserted themselves into this controversy. Accordingly, the trial court properly denied Defendants' motion for summary judgment as to the remaining Plaintiffs.

## IV.

[5] Defendants next argue that the trial court erred by denying their motion for summary judgment as to all plaintiffs other than Dan Boyce because they cannot prove that the political advertisement was "of or concerning" them. We disagree.

As discussed in *Boyce I*, it is well established that "[i]n order for defamatory words to be actionable, they must refer to some ascertained or ascertainable person and that person must be the plaintiff. If the words used contain no reflection on any particular individual, no averment can make them defamatory." *Arnold v. Sharpe*, 296 N.C. 533, 539, 251 S.E.2d 452, 456 (1979). Additionally, though an alleged defamatory statement may only make reference to a small group or class, any member of the referenced class may maintain a defamation action. *See Carter v. King*, 174 N.C. 549, 94 S.E. 4 (1917). Addressing this issue in *Boyce I* our Court determined that:

[i]n the instant case, there is no dispute that the political adver-
tisement reproduced in plaintiffs' complaint specifically identified
the individual plaintiff R. Daniel Boyce. Defendants contend,
however, that the reference to "Dan Boyce's law firm" in the adver-
tisement does not identify the law firm of Boyce & Isley or its
member attorneys. Thus, argue defendants, any defamatory state-
ments contained in the advertisement did not concern plaintiffs
other than R. Daniel Boyce. We disagree. The fact that the adver-
tisement did not specifically name each present plaintiff does not
bar their suit. *See Carter*, 174 N.C. at 552, 94 S.E. at 6. By claiming
that "Dan Boyce's law firm" had committed unethical business
practices, defendants maligned each attorney in the firm, of which
there are only four. Moreover, we conclude that identification of
the law firm of Boyce & Isley, PLLC, was readily ascertainable
from the reference to "Dan Boyce's law firm." We therefore con-
clude that plaintiffs' complaint properly supported the fact that the
defamatory statements were "of or concerning" plaintiffs.

*Boyce I*, 153 N.C. App. at 33, 568 S.E.2d at 900. As discussed earlier,
our previous holding in *Boyce I* is controlling. There, assuming that
the facts alleged in the complaint were true, our Court determined
that the statements in the political advertisement were "of or con-
cerning" Plaintiffs. Because our Court is tasked with making the same
determination in this case, the question is settled here. *See N.C.N.B.
v. Virginia Carolina Builders*, 307 N.C. 563, 567, 299 S.E.2d 629, 632
(1983) (holding that "once a panel of the Court of Appeals has
decided a question in a given case that decision becomes the law of
the case and governs other panels which may thereafter consider the
case[,]" and a subsequent panel has no authority to review the same
question in the same case.).

## V.

**[6]** In their final argument, Defendants contend that the trial court
erroneously failed to find that there was no genuine issue of material
fact with respect to Plaintiffs' unfair and deceptive trade practices
cause of action. We disagree.

In order to establish an unfair and deceptive trade practices
cause of action a plaintiff must show: "(1) an unfair or deceptive act
or practice, (2) in or affecting commerce, and (3) which proximately
caused injury to plaintiffs." *Walker v. Fleetwood Homes of N.C., Inc.*,
362 N.C. 63, 71-72, 653 S.E.2d 393, 399 (2007). Our Supreme Court has
held that "a libel *per se* of a type impeaching a party in its business

IN RE FORECLOSURE OF GILBERT

[211 N.C. App. 483 (2011)]

activities is an unfair or deceptive act in or affecting commerce in violation of [the unfair and deceptive trade practices act]." *Ellis v. Northern Star Co.*, 326 N.C. 219, 225-26, 388 S.E.2d 127, 131 (1990). Here, because Plaintiffs are able to forecast sufficient evidence to support a defamation cause of action, the trial court appropriately denied Defendants' motion for summary judgment as to Plaintiffs' unfair and deceptive trade practices action. Accordingly, we affirm the trial court's order.

Affirmed.

Judges BRYANT and STEELMAN concur.